**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| FLORENCE A. HAMPTON,        ) | |
|                        Plaintiff,     ) | |
|                     v.                   ) | Case No. 21-03106-CV-S-LMC |
| MATTHEW SHAVER, *et al.*,      ) | |
|                    Defendants.   ) | |

<u>ORDER</u>

Pending before this Court is the Parties' Agreed Rule 6(b) Motion for Stay of All Pre-Trial Matters (Doc. #79), which was filed on June 22, 2022. For the reasons discussed below, the motion is denied.

A court's power to stay proceedings "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 166 (1936). "In considering a motion for stay, a court should consider the interest of judicial economy and efficiency, and the potential prejudice or hardship to the parties." *Hucke v. Nat'l Life Ins. Co.*, 2014 WL 12616806, at *2 (W.D. Mo. June 3, 2014) (citing *Johnson v. KFC Corp.*, 2007 WL 3376750, at * 2 (W.D. Mo. Nov. 7, 2007).

Trial in this matter was scheduled for September 7, 2022. Upon the request of the parties, the Court extended certain deadlines as follows:

    Close of discovery: June 29, 2022
    Dispositive motions: May 31, 2022
    Disclosure of Expert Testimony by a party who intends to call an expert for the purpose of
    defending against an affirmative claim for relief: April 28, 2022
    Disclosure of Expert testimony by a party seeking to contradict or rebut evidence from
    either of the disclosures of expert testimony May 16, 2022

Challenges to the reliability or relevancy of the expert's testimony: June 6, 2022 (Doc. #60.) The above list of deadlines is not exhaustive; other deadlines were set and passed without extension. (Doc. ## 21, 52.) The Court notes that the Defendant/Third-Party Plaintiff filed a challenge to the reliability/relevancy of Third-Party Defendant's expert witness. (Doc. #76.) Suggestions in opposition to that motion were due on June 21, 2022. (*See* L.R. 7.0(c)(2)). Third-Party Defendant did not submit an opposition to the motion and did not request an extension of time to do so. Therefore, with the exception of the close of discovery, and any motion to compel that is in compliance with the Second Amended Discovery Scheduling Order, there are no other deadlines to be stayed. The parties have failed to provide any reason why the Court should stay the close of discovery deadline.

It should be noted that just prior to the filing of the parties' motion, this Court entered an order cancelling the trial and pretrial in this matter. (Doc. #78.) The Court further set a deadline of August 8, 2022, for the parties to file a stipulation of dismissal or a status report on the matter. (Doc. #78.) If at that time the parties' settlement has fallen through, the Court will confer with the parties to determinate the appropriate pretrial schedule taking into account the previously passed deadlines.

IT IS THEREFORE

ORDERED that Parties' Agreed Rule 6(b) Motion for Stay of All Pre-Trial Matters (Doc. #79) is DENIED.

*/s/ Lajuana M. Counts*
LAJUANA M. COUNTS
UNITED STATES MAGISTRATE JUDGE